**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

### For the First Circuit

No. 10-1789

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD VILLAR,

Defendant, Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

_____

Before

Boudin, Circuit Judge,
Souter,* Associate Justice,
and Selya, Circuit Judge.

_____

James M. Fox for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom
John P. Kacavas, United States Attorney, was on brief, for
appellee.

_____

March 17, 2011

_____

---

*Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**Per Curiam**.  This appeal is a sequel to an earlier appeal in which we reversed the denial of the defendant's post-trial motion to set aside his conviction on bank robbery charges and remanded the case to the district court to determine whether the conviction was tainted by jury bias.  See United States v. Villar, 586 F.3d 76, 79 (1st Cir. 2009).  The background facts and the nature of the jury bias claim are illumined in our earlier opinion.  See id. at 79-82.

On remand, the district court assiduously adhered to our mandate.  It held an evidentiary hearing, interviewed all the jurors, made detailed factual findings (including credibility determinations), and concluded, based on these findings, that the jurors were not biased and that the jury verdict was untainted.  Accordingly, it again refused to set aside the judgment of conviction.  The defendant appeals for a second time.

We need not tarry.  The district court's findings of fact are amply supported by the record and are not clearly erroneous.  See United States v. Romain, 393 F.3d 63, 69 (1st Cir. 2004) (explaining that a trial court's choice between conflicting but plausible inferences from the evidence cannot be clearly erroneous); see generally Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990) (explaining that a finding is clearly erroneous only if the reviewing court is left with "a strong, unyielding belief that a mistake has been made").  The district

court's conclusions about the absence of jury bias follow rationally from those findings. Consequently, we need go no further: we uphold the district court's determination that the jury acted without bias and summarily affirm its validation of the judgment of conviction.

**<u>Affirmed</u>**.